# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ELIZABETH DEVILBISS**
        **Plaintiff,**

    **v.**                                **Case No. 19-C-932**

**ANDREW M. SAUL,**
**Commissioner of the Social Security Administration**
        **Defendant.**

---

## <u>DECISION AND ORDER</u>

Plaintiff Elizabeth Devilbiss seeks judicial review of a partially favorable decision on her application for social security disability benefits. She presents a discrete legal issue for review, and the parties agree that an extensive analysis of the facts is unnecessary. I briefly set forth the applicable legal standards and the procedural posture of the case before addressing plaintiff's issue.

## I. LEGAL STANDARDS

### A.  Disability Determination

In determining whether a claimant is disabled, a social security Administrative Law Judge ("ALJ") applies a five-step, sequential test. <u>See</u> 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ asks whether the claimant is currently working, i.e., engaging in "substantial gainful activity" ("SGA"). <u>Id.</u> § 404.1520(a)(4)(i). If not, the ALJ proceeds to step two, determining whether the claimant suffers from a "severe" impairment, <u>id.</u> § 404.1520(a)(4)(ii), i.e., one that significantly limits the claimant's physical or mental ability to do basic work activities, <u>id.</u> § 404.1520(c). At step three, the ALJ determines whether any of those severe

impairments meet or medically equal the requirements of one of the conclusively disabling impairments set forth in agency regulations, commonly referred to as the "Listings." Id. § 404.1520(a)(4)(iii).

If the impairments do not meet or equal a Listing, the ALJ proceeds to step four, determining whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work. Id. § 404.1520(a)(4)(iv). RFC is the most an individual can still do, on a regular and continuing basis, despite her impairments. SSR 96-8p, 1996 SSR LEXIS 5, at *5. RFC is often expressed, at least in part, in terms of an "exertion" category: "sedentary," "light," "medium," and "heavy" work. As is pertinent here,

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a); see also SSR 83-10, 1983 SSR LEXIS 30, at *13 ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.").

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b); see also SSR 83-10, 1983 SSR LEXIS 30, at *13 ("Even though the

2

weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing -- the primary difference between sedentary and most light jobs."). "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

If the claimant cannot perform her past work, the ALJ will proceed to the fifth and final step, determining whether she can, given her age, education, work experience, and RFC, make the adjustment to other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). The claimant bears the burden of presenting evidence at steps one through four, but if she reaches step five the burden shifts to the Commissioner to show that the claimant can make the adjustment to other work. Briscoe v. Barnhart, 425 F.3d 345, 352 (7th Cir. 2005).

The Commissioner may carry the step-five burden either by relying on the Medical-Vocational Guidelines (i.e., the "Grid"), a chart that classifies a person as disabled or not disabled based on her age, education, work experience, and exertional ability, or by summoning a vocational expert ("VE") to offer an opinion on other jobs the claimant can still do despite her limitations. See, e.g., Herron v. Shalala, 19 F.3d 329, 336-37 (7th Cir. 1994). Because the Grid considers only exertional (i.e., strength-related) limitations, if the claimant has significant non-exertional (e.g., mental or postural) limitations the ALJ may not rely on the Grid to deny the claim and must consult a VE. See Fast v. Barnhart, 397 F.3d 468, 470 (7th Cir. 2005); Luna v. Shalala, 22 F.3d 687, 691 (7th Cir. 1994); see also Haynes v. Barnhart, 416 F.3d 621, 628-29 (7th Cir. 2005) (noting that if the claimant cannot be found disabled based on strength limitations alone the Grid is used as a "framework" only); SSR 83-12, 1983 SSR LEXIS 32, at *6 (explaining that if the claimant falls between exertional categories the ALJ should

3

obtain assistance from a VE). Finally, a VE's testimony should generally be consistent with the job information set forth in the <u>Dictionary of Occupational Titles</u> ("DOT"), although an ALJ may credit contrary testimony if the VE provides a reasonable explanation for any discrepancy. <u>Overman v. Astrue</u>, 546 F.3d 456, 463 (7th Cir. 2008) (citing SSR 00-4p).

**B.    Judicial Review**

The reviewing court will "reverse only if the ALJ based the denial of benefits on incorrect legal standards or less than substantial evidence." <u>Martin v. Saul</u>, 950 F.3d 369, 373 (7th Cir. 2020). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Biestek v. Berryhill</u>, 139 S. Ct. 1148, 1154 (2019). The court will not, under this deferential standard, re-weigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the ALJ. <u>Burmester v. Berryhill</u>, 920 F.3d 507, 510 (7th Cir. 2019). The court reviews questions of law de novo and, if the ALJ commits legal error, the court may reverse without regard to the volume of evidence in support of the factual findings. <u>White v. Apfel</u>, 167 F.3d 369, 373 (7th Cir. 1999); <u>see also</u> <u>Craft v. Astrue</u>, 539 F.3d 668, 673 (7th Cir. 2008) ("We review the ALJ's legal conclusions de novo.").

## II.  FACTS AND BACKGROUND

After working for many years as a real estate agent, a job that required her to spend much of the day on her feet showing houses and to carry brief cases weighing more than 20 pounds (Tr. at 42-44), plaintiff alleged that she became disabled as of June 3, 2015, due to back, neck, and shoulder impairments (Tr. at 18, 40-41). At her June 13, 2018 hearing before the ALJ, plaintiff testified that she was unable to sit or stand for long periods due to pain and numbness in her legs. (Tr. at 46.) She stated that she could sit for about a half hour before

4

she needed to stand up; however, she denied that she could cycle between sitting and standing for an entire eight hour work-shift, indicating that at some point, she had to lay down. (Tr. at 47.) She further testified that sometimes her right leg would give out and she would fall. (Tr. at 48-49.) She used a walker, which had been prescribed in January 2018, to get around. (Tr. at 49.) Due the falls, she had also modified her home with a ramp and walk-in shower. (Tr. at 54.) Plaintiff testified that her condition had progressively worsened over the past three years (Tr. at 60), and that she had fallen around 50 times in the last year (Tr. at 49, 62). She started using a four-point cane in 2017, switching to a walker in 2018. (Tr. at 62-63.)

The VE, Richard Hall, classified plaintiff's past job as a real estate agent as light generally, medium as plaintiff performed it, and semi-skilled. (Tr. at 64.) The ALJ then asked a hypothetical question, assuming a person of plaintiff's age (52 as of the alleged onset date), education and work experience, limited to light work, requiring "work that can be done either sitting or standing," with additional postural, manipulative, and environmental limitations. (Tr. at 64-65.) The VE testified that such a person could not perform plaintiff's past work but could do other jobs, such as retail marker, mail sorter, and officer helper, proving the DOT code and job number estimates for each of those positions. (Tr. at 65-66.) The VE indicated that several factors in the hypothetical, including "the sit/stand at will option," were not addressed in the DOT and for those factors he used his "professional experience as a resource for opinion and testimony." (Tr. at 66.) The VE further testified that there would be no transferable skills from plaintiff's past work to other jobs. (Tr. at 66.)

On cross-examination by plaintiff's counsel, the VE testified that he used two sources to come up with jobs numbers: the U.S. Bureau of Labor Statistics and a computer program called "SkillTRAN." He indicated that SkillTRAN does not have a mechanism to limit the

5

response to jobs allowing a sit/stand option. (Tr. at 68.) The VE then stated: "I did not reduce the examples I generated or the numbers for the sit/stand at will option because the material substantial occupational duties can either be done standing or seated." (Tr. at 69.) At the conclusion of his testimony, the VE confirmed that he used his experience to estimate the effect of the sit/stand option (as well as certain other factors not at issue on this appeal); otherwise, he said, his testimony was consistent with the DOT. (Tr. at 70.)

Plaintiff asked for permission to submit a post-hearing brief, and the ALJ agreed. (Tr. at 71.) In that brief, plaintiff objected to the VE's identification of sit/stand jobs performed at the "light" level, arguing that a sit/stand position is not consistent with one that requires "a good deal of walking or standing," as set forth in the regulations. She argued that the VE's testimony that some mail clerk and marker positions are performed as sit/stand work does not matter; how work is classified is a question of law and is not dependent on anything a VE might say. (Tr. at 343-44.)

In her October 15, 2018 decision, the ALJ found that plaintiff had not engaged in SGA since the alleged onset date, and that she suffered from a number of severe impairments, none of which met or equaled a Listing. (Tr. at 18-19.) The ALJ then found that, prior to April 18, 2016, plaintiff had the RFC to perform "light" work as defined in 20 C.F.R. § 404.1567(b) except that she "requires work that can be done either sitting or standing," with various additional postural, manipulative, and environmental limitations. (Tr. at 20.) In making this finding, the ALJ explained that due to the combination of her impairments prior to April 18, 2016, plaintiff would be unable to sustain the exertional demands of medium or greater work, and she therefore limited plaintiff to work no greater than light in exertion. The ALJ further stated: "Due to her multilevel degenerative disc disease and neuropathy with reports of difficulties with

6

prolonged sitting and standing, she requires jobs that can be performed while either sitting or standing." (Tr. at 23.)

The ALJ concluded that plaintiff's condition worsened as of April 18, 2016, such that she was at that point limited to sedentary work, with additional postural, manipulative, and environmental limitations, and requiring the use of a cane or walker for balance and ambulation. (Tr. at 25.) In support of the more restrictive RFC, the ALJ noted that subsequent to this date plaintiff began to report numbness, weakness, and pain in her right leg, and testing confirmed small fiber neuropathy. The ALJ further noted that since this date plaintiff's number of falls progressed, and she went from using a cane to a walker. (Tr. at 26.)

At step four, the ALJ concluded that since June 3, 2015, plaintiff had been unable to perform her past relevant work as a real estate agent, which the VE classified as a light, semi-skilled job. The ALJ relied on the VE's testimony that the non-exertional demands of plaintiff's past work exceeded plaintiff's RFC. (Tr. at 26.)

At step five, the ALJ concluded that, prior to April 18, 2016, plaintiff could make the adjustment to other work. She noted that, if plaintiff had the RFC to perform the full range of light work, a finding of not disabled would be directed by Grid Rule 202.14. However, because plaintiff had additional limitations, the ALJ consulted a VE to identify jobs plaintiff might be able to do, and the VE testified that a person like plaintiff could work as a retail marker, mail sorter, and office helper. (Tr. at 27, citing SSR 83-12.) The VE indicated that his testimony was consistent with the information contained in the DOT, except for the reaching and environmental limitations and the sit/stand option, which were not addressed in the DOT, and regarding which the VE relied on his professional experience. (Tr. at 28.)

The ALJ overruled plaintiff's objection to the VE's testimony regarding the existence of

7

jobs allowing for a sit/stand option at the light exertional level, stating:

> The Administrative Law Judge is free to accept or reject the testimony of a vocational expert, including where, as is the case here, the limitations offered are not addressed by the DOT. Mr. Hall's opinions are reasonably explained, given his qualifications to provide job numbers based upon his education and experience per his testimony and resume in the file, the Social Security Administration's certification of Mr. Hall as qualified to testify at Agency hearings regarding vocational information, his description of his methodology and resources, and the absence of any reviewing tribunal that found Mr. Hall or his methodology to be wanting.

(Tr. at 28.)

Based on the VE's identification of jobs plaintiff could do within the modified light RFC, the ALJ found plaintiff not disabled prior to April 18, 2016. As of April 18, 2016, however, based on plaintiff's limitation to sedentary work, Grid Rule 201.14 directed a finding of disabled. The ALJ accordingly found plaintiff disabled as of April 18, 2016, issuing a partially favorable decision. (Tr. at 28.)

### III. DISCUSSION

Plaintiff's sole argument is that the ALJ misapplied the Grid Rules in denying the application for the June 3, 2015, to April 18, 2016, period. (Pl.'s Br. at 8.) She does not challenge the ALJ's RFC determination for that period.

A person in plaintiff's age range (50-54 years old), limited to sedentary work, unable to perform past work, and lacking transferable work skills, will ordinarily be found disabled. See 20 C.F.R. Pt. 404, Subpt. P, Appx. 2, §§ 201(g), 201.14. The ALJ relied on Rule 201.14 to find plaintiff disabled after April 18, 2016, when her RFC dropped to sedentary. For the period prior to April 18, 2016, the ALJ found plaintiff capable of light work "that can be done either sitting or standing." (Tr. at 20.) A "light" RFC permitted the ALJ to apply Grid Rule 202.14 (which would have directed a finding of not disabled had plaintiff been able to perform the full range

8

of light work) as a framework and then to credit the VE's testimony that certain "light" jobs could be done with this limitation. (Tr. at 27-28.)

Plaintiff argues that the ALJ's finding violated the regulations, which provide that light work "requires a good deal of walking or standing." 20 C.F.R. § 404.1567(b); see also SSR 83-10, 1983 SSR LEXIS 30, at *14 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). Yet, the ALJ found that she required a job that allowed her to sit as necessary. Plaintiff contends that the ALJ erred in finding such a limitation consistent with light work, permitting the application of Rule 202.14, rather than finding her disabled under Rule 201.14 for the entire period at issue. (Pl.'s Br. at 8-9.)

Plaintiff acknowledges that the VE identified jobs classified as "light" under the DOT that could be performed with an at-will sit/stand option. However, she argues that a VE is not authorized to change the Commissioner's definition of what constitutes a light job. See SSR 00-4p, 2000 SSR LEXIS 8, at *6 ("SSA adjudicators may not rely on evidence provided by a VE, VS, or other reliable source of occupational information if that evidence is based on underlying assumptions or definitions that are inconsistent with our regulatory policies or definitions."). Plaintiff contends that the VE's opinion that these jobs can now be done seated or standing means they are no longer "light" jobs. (Pl.'s Br. at 10.) Plaintiff stresses the Commissioner's determination, in the Medical-Vocational Guidelines, that older persons will have difficulty finding sit-down work they have not performed in the past. (Pl.'s Br. at 10-11, Pl.'s Rep. Br. at 2.) Plaintiff concedes that a VE may in some circumstances offer opinions that go against the DOT, which is very out of date, but she argues that a VE is not empowered to change the Commissioner's definition of "light" work to include sit-stand jobs. (Pl.'s Br. at 11.)

9

Plaintiff concludes that the VE's testimony here did not allow the ALJ to find her capable of "light" work that does not meet the Commissioner's own definition of that term. (Pl.'s Br. at 11-12.)

Plaintiff argument rests on the premise that a person who requires a sit/stand option or who is otherwise precluded from standing/walking most of the day must be evaluated under the sedentary Grid Rules. That is not the law.

In Haynes, 416 F.3d at 627-28, the Seventh Circuit specifically rejected the argument that when a claimant falls between the light and sedentary levels the ALJ must apply the sedentary Grid Rules. The court held that in this situation the ALJ appropriately uses the Grids as a framework only and consults a VE regarding jobs the claimant might be able to do. Id. at 628-29.

Similarly, in Books v. Chater, 91 F.3d 972, 980-81 (7th Cir. 1996), the Seventh Circuit rejected the argument that a sit/stand option is incompatible with "light" work, explaining:

> SSR 83-12 does not endeavor to decide that there can never exist significant light jobs with a sit/stand option. Rather, it notes that one cannot assume that individuals limited to light work with a sit/stand option can perform the full range of light jobs because many, if not most, light jobs do not afford an employee the option to sit or stand at will. It accordingly directs the SSA in such cases to obtain the testimony of a vocational specialist concerning whether significant light jobs exist that could accommodate the claimant's special limitations. That is precisely what ALJ Bartelt did here in procuring [VE] Prall's testimony at the supplemental hearing. After Prall testified to the existence in the relevant employment market of a significant number of light jobs with a sit/stand option, ALJ Bartelt was entirely justified in relying upon her testimony to find that Books was not disabled within the meaning of the Social Security Act.

The ALJ proceeded consistently in this case. After concluding that plaintiff could not perform the full range of light work, the ALJ consulted with a VE, then, citing SSR 83-12, she used the Grid Rules as a framework and relied on the VE's identification of light jobs plaintiff could do

10

with a sit/stand option and the other limitations specified in the RFC.[1]

In reply, plaintiff argues that <u>Books</u> is distinguishable because it did not involve the Medical-Vocational Rules and thus does not speak to the question of whether a person who cannot engage in "prolonged standing" is still covered by the light Grid Rules. (Pl.'s Rep. Br. at 2-3.) She also attempts to distinguish <u>Haynes</u>, as that case held only that a person incapable of the full range of light work need not be evaluate under the sedentary Rules; she contends that, under the ALJ's RFC, she is capable of no jobs within the Commissioner's definition of light work, not a limited range of them. (Pl.'s Rep. Br. at 3.)

However, plaintiff cites no decision holding that an at-will sit/stand option or other similarly significant restriction on the ability to stand/walk requires application of the sedentary Rules, and my own research reveals that courts have regularly rejected such arguments. <u>See, e.g.</u>, <u>Socorro L. v. Comm'r of Soc. Sec.</u>, No. 1:19-CV-3090, 2020 U.S. Dist. LEXIS 149013, at *24-25 (E.D. Wash. May 19, 2020) (rejecting argument that ALJ had to apply Rule 201.14 when the claimant could stand/walk just 4 hours per day); <u>Pittard v. Berryhill</u>, No. 2:17cv71, 2018 U.S. Dist. LEXIS 151710, at *28-36 (E.D. Va. June 8, 2018) (report and recommendation) (rejecting argument that ALJ had to apply Rule 201.14 when the claimant was limited to stand/walking 4 hours, with a sit/stand option every 30 minutes), <u>adopted</u>, 2018 U.S. Dist.

---

[1]As the Commissioner notes, there is nothing inherently inconsistent between light work (which requires a good deal of standing and walking throughout the workday) and a sit/stand option (which allows a person to alternate between sitting and standing as necessary). Although these two limitations might together limit the number of available jobs, that is precisely why VE testimony is important. (Def.'s Br. at 7.) Plaintiff acknowledges in reply that there are different kinds of sit/stand options; for instance, a person who needed to sit for just five minutes per hour could still be deemed capable of light work. (Pl.'s Rep. Br. at 3.) However, plaintiff develops no argument that the ALJ erred in failing to further define the sit/stand option she imposed in this case or that the matter should otherwise be remanded for clarification.

LEXIS 150887 (E.D. Va. Aug. 30, 2018); Franklin v. Berryhill, No. 16-CV-2284, 2017 U.S. Dist. LEXIS 73543, at *26-27 (M.D. Pa. May 15, 2017) (rejecting argument that ALJ erred as a matter of law in refusing to apply Rule 201.14 to claimant limited to "occasional" standing and walking);[2] Apodaca v. Berryhill, No. 16-150, 2017 U.S. Dist. LEXIS 70542, at *27-32 (D.N.M. May 9, 2017) (holding that ALJ properly used Rule 202.14 as framework and consulted VE where the claimant required a sit/stand option); Polly v. Comm'r of Soc. Sec., No. 2:13-CV-85, 2014 U.S. Dist. LEXIS 84597, at *36-42 (N.D. W. Va. June 2, 2014) (report and recommendation) (finding that ALJ properly declined to apply sedentary Rule and instead consulted a VE where the claimant required a sit/stand option at will), adopted, 2014 U.S. Dist. LEXIS 84219 (N.D. W. Va. June 20, 2014); Gibson v. Astrue, No. 10CV226, 2010 U.S. Dist. LEXIS 121313, at *11-22 (E.D. Va. Oct. 27, 2010) (report and recommendation) (finding that ALJ was not required to find claimant disabled under Rule 201.14 based on sit/stand option and instead properly relied on VE testimony), adopted, 2010 U.S. Dist. LEXIS 121305 (E.D. Va. Nov. 15, 2010); see also Anders v. Berryhill, 688 Fed. Appx. 514, 521-22 (10th Cir. 2017) (holding that ALJ properly consulted a VE rather than relying on the sedentary Grid Rules when the claimant's RFC fell between sedentary and light); Branon v. Comm'r of Soc. Sec., 539 Fed. Appx. 675, 679-81 (6th Cir. 2013) (affirming ALJ's reliance on VE testimony when the claimant fell between light and sedentary work due to a sit/stand limitation); Martin v. Barnhart, 240 Fed. Appx. 941, 946 (3d Cir. 2007) ("SSR 83-12 does not automatically dictate a finding of disability where an individual is limited by a sit/stand option. Rather, SSR 83-12 indicates that a VE

---

[2]While rejecting the plaintiff's legal argument, the Franklin court remanded because the ALJ failed to offer a sufficient explanation for the light RFC, id. at *27, and the VE's testimony did not fill in the gaps, id. at *30.

should be consulted, and here, one was.").

Courts frequently rely on the following passage from SSR 83-12:

1. Alternate Sitting and Standing

In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)

There are some jobs in the national economy -- typically professional and managerial ones -- in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled. However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

1983 SSR LEXIS 32, at *8-10.

Nothing in this Ruling suggests that an at-will sit/stand option transforms a light job into a sedentary one for purposes of applying the Grid Rules. After all, there is more to light work than standing and walking. See 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."); see also Haynes, 416 F.3d at 627 (holding that ALJ did not have to apply sedentary Grid Rules when the claimant could stand/walk less than required of the full range of light work, but could lift more than the weight required of sedentary work); Polly, 2014 U.S. Dist. LEXIS 84597, at *40 ("Plaintiff could perform the lifting requirements of light work, but needed a sit/stand option

13

because she could not stand as much as the definition of light work requires."). Plaintiff makes no argument that ALJ erred in finding she could handle the other requirements of light work, such as lifting up to 20 pounds, during the earlier period.

Plaintiff acknowledges in reply that the regulations permit an ALJ to consult with a VE to determine the impact of a sit/stand option for individuals falling between categories, and she further concedes that the VE here was qualified to say that all three jobs, despite being performed standing when the DOT was written, are today available for people who need to sit through the workday.[3] However, she argues that a VE may not change the Commissioner's definition of light work, and the ALJ cannot describe as "light" jobs that are performed seated. (Pl.'s Rep. Br. at 1-2.) Again, she cites no authority in support of this rigid interpretation of the regulations, and I have found none. See Gibson, 2010 U.S. Dist. LEXIS 121313, at *19-20 (crediting VE testimony that just because a position can be performed in a primarily seated position does not change it from light to sedentary, as there are other criteria such as weight limits).

--------

[3]Plaintiff identifies no factual error in the VE's testimony. In other words, she concedes that the jobs the VE identified can, in fact, be performed within the limits of the pre-April 2016 RFC. ALJs are entitled to rely on a VE's expertise and current knowledge of the demands of jobs existing in the economy. See Biestek, 139 S. Ct. at 1152. Plaintiff notes that the ALJ credited the VE's testimony that the identified jobs could be done with a sit/stand option, even though the DOT does not identify them as sit/stand positions. (Pl.'s Br. at 7.) The DOT does not address the subject of sit/stand options, so there was no conflict. Collins v. Berryhill, 743 Fed. Appx. 21, 26 (7th Cir. 2018) ("Because the DOT does not specify whether jobs allow changing from sitting to standing, the VE's testimony supplemented the DOT and did not conflict with it."), cert. denied, 139 S. Ct. 1209 (2019); Zblewski v. Astrue, 302 Fed. Appx. 488, 494 (7th Cir. 2008) ("Because the DOT does not address the subject of sit/stand options, it is not apparent that the testimony conflicts with the DOT."). Moreover, the ALJ questioned the VE regarding the consistency of his testimony with the DOT, eliciting an explanation that the VE relied on his own experience regarding the sit/stand option and other factors not referenced in the DOT.

14

Plaintiff further argues in reply that, while a VE can extend the scope of sedentary jobs to encompass a sit/stand option, see SSR 96-9p, as the VE did in her case, it is error to describe such jobs as "light." (Pl.'s Rep. Br. at 4.) But that is not what happened here; the ALJ relied on light jobs that could be done with an at-will sit/stand option. See Polly, 2014 U.S. Dist. LEXIS 84597, at *31 n.3 (finding SSR 96-9p inapplicable when the ALJ found the claimant could perform less than a full range of light work, including a sit/stand option, and collecting cases).

Finally, plaintiff notes in reply that, even when a claimant has significant non-exertional limitations, she can still be deemed disabled under the Grid based on strength limitations alone. (Pl.'s Rep. Br. at 5, citing Martin, 950 F.3d at 377.) Neither the ALJ in her decision, nor the Commissioner in his brief, said otherwise. Indeed, the ALJ found plaintiff disabled based on exertional limitations alone for the post-April 2016 period.[4]

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that the ALJ's decision is affirmed, and this case is dismissed. The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of September, 2020.

s/ Lynn Adelman
LYNN ADELMAN
District Judge

---

[4]Because I find no reversible error, I need not address plaintiff's scope of remand/ remedy arguments. (See Pl.'s Br. at 12-13, Pl.'s Rep. Br. at 5-7.) I note that plaintiff makes no argument that the matter should be remanded for a better explanation regarding how long she can sit, stand, and walk, or how often she must change positions, during a workday. (See Pl.'s Br. at 12: "This appeal solely concerns the ALJ's failure to properly apply the Commissioner's regulations.".)

15